■ MABEL MURPHY, Now Known as MABEL NICHOLS, Respondent-Appellant, v. ARTHUR J. SULLIVAN et al., Appellants-Respondents.— Appeals (1) from an order of the Supreme Court at Special Term, entered May 25, 1972 in Schenectady County, which denied defendants' motion for an order dismissing the complaint herein pursuant to CPLR 3012 (subd. [b]); and (2) from the order of the Supreme Court at Special Term, entered February 13, 1973 in Schenectady County, which granted defendants' motion to reargue, and affirmed the order entered May 25, 1972, and (3) cross appeal from the order entered February 13, 1972, insofar as the same granted leave to reargue. The summons commencing this action was served on the defendants on August 31, 1970 and on September 2, 1970. A notice of appearance and demand for service of the complaint was served on September 8, 1970. Thereafter, plaintiff's attorney was contacted by a representative of the defendants' insurance carrier relative to authorization to obtain medical records for review and investigation to determine whether the case was one for settlement negotiations, or for further investigation to prepare an adequate defense. Plaintiff's attorney in his affidavit in opposition to the original motion asserts that an agreement had been reached with this representative that no further proceedings would be had until the insur-

ance company had reviewed the records and advised him of the position it would take. In February, 1971, plaintiff's attorney wrote to the company requesting the insurance company to advise him of its position in regard to the case. In March, 1971, having received no reply from the insurance company, plaintiff's attorney recommenced his investigation of the case, and secured independent medical advice for the purpose of establishing the facts necessary to prepare a complaint. In the meantime, plaintiff had moved without notifying her attorney. After some difficulty, plaintiff was located and contacted in the summer of 1971, whereupon she advised her attorney that she was seriously ill and under treatment. In the fall of 1971, plaintiff underwent radical surgery and was incapacitated during the winter months of 1972. A complaint was prepared in the month of March, 1972 and forwarded to the insurance company on March 17, 1972. This was returned, and it was then forwarded on March 29, 1972 to defendants' attorneys who returned it on April 4, 1972, together with a notice of motion to dismiss the action for failure to serve a complaint on the ground that 18 months passed after the service of defendants' notice of appearance. Special Term denied the motion by order entered May 25, 1972. Defendants filed a notice of appeal from that order on May 30, 1972, but made no effort to perfect the appeal. On December 5, 1972, more than six months after the filing of their notice of appeal, defendants moved for an order granting leave to reargue the motion made on April 4, 1972. Special Term granted the motion to reargue and affirmed its order of May 25, 1972, by order dated February 8, 1973. Defendants then filed a notice of appeal from this order. The determination of a motion to dismiss for failure to timely serve a complaint pursuant to (subd. CPLR 3012 [b]) rests in the sound discretion of the court. (*Lehigh Val. R. R. Co.* v. *North Amer. Van Lines,* 25 A D 2d 923.) Plaintiff here did nothing to mislead or lull the defendants into a false sense of security and, in fact, kept the defendants on notice that she intended to proceed with the action. No prejudice resulted to the defendants by the denial of the motion. The Statute of Limitations had not run at the time service of the complaint was effected. While no affidavit of merit was served at the time the motion to dismiss was made, the motion was made after the complaint was served and returned. The complaint in and of itself indicates by the evidentiary facts alleged that there is merit to the action and on the reargument of the motion an affidavit of merit was submitted. The leisurely pace adopted by defendants in moving for reargument and not perfecting their appeal, thus prolonging the ultimate determination until after the running of the Statute of Limitations, re-enforces our view that the order of Special Term should be affirmed. Orders affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.